PETER J. WOZNIAK (CA SBN 332470)
pwozniak@kslaw.com
KING & SPALDING LLP
110 N Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 764-6948
Facsimile: (312) 995-6330

ADRIA K. HARRIS (CA SBN 324333)
akharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Attorneys for Defendants
AMAZON.COM SERVICES LLC and
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICK MILETAK,<br><br>        Plaintiff,<br><br>   v.<br><br>AMAZON.COM SERVICES LLC,<br>AMAZON.COM, INC., AND DOES 1-100<br>INCLUSIVE,<br><br>        Defendants. | Case No.  5:22-cv-6435<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL**<br><br>(Santa Clara County Superior Court Case No. 22CV403359)<br><br>Action Filed:  September 21, 2022<br><br>Trial Date:  None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF IN PRO PER:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Amazon.com Services LLC ("Amazon") hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. 22CV403359 in Santa Clara County Superior Court, State of California. Removal is proper on the following grounds:

## I.      TIMELINESS OF REMOVAL

1.      Plaintiff Nick Miletak ("Plaintiff") filed his Complaint in the State Court Action on September 21, 2022 against Defendants Amazon.com Services LLC and Amazon.com, Inc. (together, "Defendants"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Civil Lawsuit Notice, and (e) Proof of Service on Amazon.com Services LLC are attached hereto as Exhibits A through E to the Declaration of Adria K. Harris ("Harris Decl."), filed concurrently herewith.

2.      According to the Proof of Service Plaintiff filed in the State Court action, the Summons and Complaint were served on Defendant Amazon.com Services LLC on September 23, 2022. Harris Decl., Ex. E. Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed "within 30 days after the service of summons upon" Amazon was completed.

## II.      SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.      In his Complaint, Plaintiff alleges four causes of action against Amazon.com Services LLC and Amazon.com, Inc.: (1) Wrongful Termination of Employment in Violation of Public Policy; (2) Retaliation in Violation of Public Policy; (3) Intentional Interference with Prospective Economic Advantage; and (4) Negligent Infliction of Emotional Distress. *See* Complaint, Harris Decl., Ex. B ("Compl.").

4.      Among other things, Plaintiff alleges that he "has been unlawfully denied direct employment with [Amazon] through the Defendants [sic] Amazon Flex app and/or any of their DSPs" since February 2021. *See*, *e.g.*, Compl. ¶ 3.

5.      For purposes of this removal ***only***, Amazon assumes Plaintiff's allegations are true.[1]

6.      Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Amazon denies Plaintiff's factual allegations and deny that he is entitled to the relief requested. However, based on the allegations in the Complaint, the prayer for relief, and the Declarations of Adria K. Harris and Zane Brown, all requirements for federal jurisdiction under section 1332 have been met, and this Court accordingly has original jurisdiction over this action.

**A.      There Is Complete Diversity of Citizenship**

7.      Plaintiff and Defendants are "citizens of different states." 28 U.S.C. § 1332(a).

**1.      Plaintiff's Citizenship**

8.      For diversity purposes, a person is a citizen of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). A party is domiciled where she "resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9.      Plaintiff alleges that he "is an adult residing in San Jose, California County of Santa Clara." Compl. ¶ 7. Accordingly, Plaintiff is domiciled in Santa Clara County, California and thus is a citizen of the State of California for purposes of removal. *See id.*; *Kanter*, 265 F.3d at 857.

---

[1] Amazon denies that liability or damages can be established as to Plaintiff. Amazon does not concede and reserves the right to contest, at the appropriate time, that any of Plaintiff's allegations constitute a cause of action against it under applicable California law. Amazon further reserves the right to argue that Plaintiff's claims must be adjudicated in individual arbitration under the terms of his arbitration agreement with Amazon. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. Amazon's notice seeks only to establish that the amount in controversy is more likely than not in excess of the jurisdictional minimum.

2.      **Defendants' Citizenship**

10.      "[A]n LLC is a citizen of every state of which its owners/members are citizens."

*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Amazon.com Services LLC has only one member, Amazon.com, Inc. *See* Brown Decl. ¶ 2.

Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and

foreign state by which it has been incorporated and of the State or foreign state where it has its

principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the

purpose of determining diversity subject matter jurisdiction refers to "the place where a

corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v.

Friend*, 559 U.S. 77, 92–93 (2010). Amazon.com, Inc. is incorporated under the laws of

Delaware and has its headquarters in Seattle, Washington. Brown Decl. ¶ 2. Accordingly,

Amazon.com, Inc., and Amazon.com Services LLC, are citizens of the states of Washington and

Delaware for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

11.      Accordingly, because no Defendant had the same citizenship as Plaintiff at the

time the Complaint was filed and at the time of removal, there was and is complete diversity of

citizenship between Plaintiff and both Defendants. *See* 28 U.S.C. § 1332(a).

**B.      The Amount in Controversy Exceeds $75,000**

12.      Courts evaluate a removing defendant's assertion of the amount in controversy

under a "preponderance of the evidence" standard. *Sanchez v. Monumental Life Ins. Co.*, 102

F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B). Although "[u]sually, 'preponderance

of the evidence' is a phrase used for determining whether a factual allegation is, in fact, true," "a

defendant is not required to admit, and is certainly not required to *prove*, the truth of plaintiff's

assertions before invoking diversity jurisdiction." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp.

3d 1032, 1040 (N.D. Cal. 2014) (emphasis in original). "The amount in controversy is simply an

estimate of the total amount in dispute, not a prospective assessment of defendant's liability."

*Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also McPhail v. Deere

& Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (cited with approval in *Lewis*) ("The amount in

controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the

1  amount that will be put at issue in the course of the litigation.").

2  13.    A removing defendant is not required to "'research, state, [or attempt to] prove

3  the plaintiff's claims for damages.'"  *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at

4  *3 (N.D. Cal. Apr. 15, 2010).  "Generally, the amount in controversy is determined from the face

5  of the pleadings . . . [and] [t]he ***sum claimed by the plaintiff controls*** so long as the claim is

6  made in good faith."  *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)

7  (emphasis added) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288

8  (1938)); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997)

9  ("The plaintiff, after all, creates the controversy and is the master of the claim, and decides how

10 much money to demand. . . .  The district court may consider whether it is 'facially apparent'

11 from the complaint that the jurisdictional amount is in controversy.").

12 14.    If the complaint does not claim a specific sum of damages, a removing defendant

13 may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish

14 the amount in controversy."  *Patel*, 58 F. Supp. 3d at 1041; *see also, e.g.*, *Lippold*, 2010 WL

15 1526441, at *3 (finding it reasonable for defendant to assume that plaintiff worked "13 hours a

16 day every day that plaintiff worked for" defendant, because plaintiff alleged that he "regularly

17 and/or consistently worked in excess of 12 hours per day"); *Archuleta v. Avcorp Composite*

18 *Fabrication, Inc.*, 2018 WL 6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that "defendants

19 who prepare a 'well-founded evidentiary record' are entitled to make 'reasonable extrapolations'

20 from the allegations in the complaint").

21 15.    Moreover, in assessing whether the amount in controversy requirement has been

22 satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a

23 jury will return a verdict for the plaintiff on all claims made in the complaint.'"  *Campbell v.*

24 *Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v.*

25 *Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  In other words, the

26 focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's

27 complaint, not what a defendant will actually owe."  *Korn v. Polo Ralph Lauren Corp.*, 536 F.

28 Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982,

986 (S.D. Cal. 2005)).

**1. The Amount in Controversy Requirement Is Established Through Plaintiff's Own Demand for Relief in Excess of $75,000**

16.     The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff expressly seeks damages in excess of that jurisdictional minimum.  Plaintiff alleges that he is entitled to lost wages, which "***since February 2021 continue to accrue at around $5500 monthly***."  Compl. ¶¶ 35, 41 (emphasis added).

17.     At least nineteen (19) months passed between February 2021 (the date Plaintiff alleges his lost wages began to accrue) and September 2022 (the date Plaintiff filed the Complaint alleging the continuous accrual of these damages).  Even without taking into account the time that has passed since the Complaint's filing or any other claimed damages, Plaintiff's Complaint alleges lost wages that place, at minimum, $104,500.00 in controversy (19 months x $5,500 per month).  Accordingly, Plaintiff's own allegations that he is owed $5,500 per month, accruing since February 2021, make it "facially apparent" that the amount in controversy exceeds the $75,000 minimum threshold.  *Singer*, 116 F.3d 373, 376–77; *see also Crum*, 231 F.3d at 1131.

**2. Alternatively, the Amount in Controversy Requirement Is Satisfied by Showing a Reasonable Estimate of Potential Recovery Based on Plaintiff's Allegations**

18.     However, should the Court require further evidence that the amount in controversy requirement is met, beyond Plaintiff's own demands and allegations, Amazon provides the following out of an abundance of caution.

19.     In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

a)    <u>Plaintiff's Claimed Lost Wages Place At Least $92,430 in Controversy</u>

20.    Plaintiff seeks lost wages for his retaliation, wrongful termination, and intentional interference with prospective economic damages claims.  Using the Santa Clara County minimum wage in effect when Plaintiff alleges he was terminated in February 2021 (*see*, *e.g.*, Compl. ¶ 34), his alleged lost wages would have to be paid at no less than $15.65 per hour in 2021, $16.40 in 2022, and $17.20 in 2023.  *See* City of Santa Clara Minimum Wage Ordinance Frequently Asked Questions, *available at* https://www.santaclaraca.gov/business-development/business-services/minimum-wage-ordinance.

21.    Again, Plaintiff alleges he was "terminated" in February 2021.  *Id.* ¶ 34.  For removal purposes, backpay is typically calculated by multiplying an employee's hourly wage by the number of workweeks between his termination date and the date of removal.  *See Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, *3 (E.D. Cal. Apr. 15, 2011), *report and recommendation adopted*, 2011 WL 1739913 (E.D. Cal. May 4, 2011).  But it is also appropriate to consider "lost wages up until the date of a potential trial."  *Reyes v. Staples Office Superstore, LLC*, 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019); *Fisher v. HNTB Corp.*, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018) (same).  Plaintiff alleges that his lost wages "continue to accrue."  *Id.* ¶¶ 35, 41.  Accordingly, it is appropriate to consider lost wages for an additional "one year from the date of removal," which reflects a "'conservative estimate of the trial date' in employment cases."  *Reyes*, 2019 WL 4187847, at *3 (quoting *Fisher*, 2018 WL 6323077, at *5).

//

//

//

//

//

//

//

//

22.    Based on Plaintiff's claims that (i) he applied for positions on a "full-time" basis (*see* Compl. ¶¶ 16, 22, 25, 26), and (ii) he accrued lost wages from the purported date of termination (February 2021), his total earnings for a standard five-day, forty-hour workweek through one year following the date of removal (October 24, 2023) would be:

|  | Weekly Earnings | Number of Weeks | Amount in Controversy |
|---|---|---|---|
| **2021** | $626 ($15.65/hour x 40 hours) | 47 | $29,422 |
| **2022** | $656 ($16.40/hour x 40 hours) | 52 | $34,112 |
| **2023** | $688 ($17.20/hour x 40 hours) | 42 | $28,896 |
| **TOTAL** | | | **$92,430** |

23.    Accordingly, using that conservative figure of backpay from the purported date of termination through one year following the date of removal, this request for lost wages alone places an estimated **$92,430** in controversy.

b)    Plaintiff's Prayer for Punitive Damages Places an Additional $184,860 in Controversy

24.    This Court may also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Indeed, "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." *Amado v. US Bancorp*, 2015 WL 5618877, at *2 (C.D. Cal. Sept. 24, 2015); *Molnar v. 1-800-Flowers.com, Inc.*, 2009 WL 481618, at *4 (C.D. Cal. Feb. 23, 2009) ("In general, claims for punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law.").

25.    Here, Plaintiff seeks an unspecified amount in punitive damages. *See* Compl. ¶¶ 36, 42, 48, 60. However, courts in this district have applied a "conservative" 1:1 ratio between compensatory and punitive damages in determining punitive damages at removal. *See Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (assuming "a conservative"

one-to-one ratio for punitive to compensatory damages for determining whether amount in controversy threshold was met (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)); *see also Cuevas v. Lowes Home Ctrs., LLC*, No. CV 20-2755 PSG (KSx), 2020 U.S. Dist. LEXIS 206629, at *15-16 (C.D. Cal. Aug. 5, 2020).  Here, assuming a conservative punitive damages award based upon a 1:1 ratio based on the estimated back pay damages (*see supra* ¶ 22) would place at least an additional **$92,430** in controversy.  Thus, the amount in controversy requirement is met even without factoring in Plaintiff's alleged emotional distress damages, or his requests for attorneys' fees[2] and costs, which would further add to the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

26.     In sum, even without Plaintiff having specified the exact amount of damages he seeks and without taking into account alleged emotional distress or litigation costs, the amount of controversy requirement is easily satisfied.  Plaintiff's claimed lost wages and prayer for punitive damages alone place far more than $75,000 in controversy.  Thus, based on Plaintiff's characterizations of his damages set forth in the Complaint, the amount Plaintiff has placed in controversy exceeds the jurisdictional minimum.

### III.     THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

27.     Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

a.   This is a civil action within the meaning of § 1332(a);

b.   The named parties are citizens of different states as required by § 1332(a)(1); and

c.   The amount in controversy exceeds $75,000 as required by § 1332(a).

---

[2] Although Plaintiff is currently pro se, his Complaint also seeks to recover attorneys' fees.  *See* Compl. ¶¶ 36, 42, 48, 60.  Courts have held that an award of attorney's fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy.  *Galt* G/S, 142 F.3d at 1155-56.  Assuming Plaintiff subsequently obtains counsel in this matter, Amazon may conservatively estimate at least $30,000 of attorneys' fees to be in controversy, based on a judicially supported "conservative" estimate of 100 hours at a rate of $300 spent by Plaintiff's counsel.  *See, e.g.*, *Avila v. P and L Development, LLC*, No. CV 18-01211 SJO (AS), 2018 WL 1870422, at *3 (stating that a "conservative" approach estimates fees corresponding to approximately 100 hours to prepare for an employment litigation and finding that attorneys' fees increased total amount in controversy to over $75,000, establishing diversity jurisdiction).

1  Accordingly, this action is properly removable under 28 U.S.C. § 1441.

2      28.    The United States District Court for the Northern District of California is the

3  federal judicial district in which the Santa Clara County Superior Court sits.  This action was

4  originally filed in the Santa Clara County Superior Court (*see generally* Compl.), rendering

5  venue in this federal judicial district and division proper.  28 U.S.C. § 84(c); *see also* 28 U.S.C. §

6  1441(a).

7      29.    True and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover

8  Sheet, (d) Civil Lawsuit Notice, and (e) Proof of Service on Amazon.com Services LLC, are

9  attached as Exhibits A through E to the Harris Declaration, filed concurrently herewith.  These

10  filings constitute the complete record of all records and proceedings in the state court.

11      30.    Upon filing the Notice of Removal, Amazon will furnish written notice to

12  Plaintiff, and will file and serve a copy of this Notice with the Clerk of the Santa Clara County

13  Court, pursuant to 28 U.S.C. § 1446(d).

14

15  DATED:  October 24, 2022                KING & SPALDING LLP

16

17

18                                By: */s/ Adria K. Harris*
                                      PETER J. WOZNIAK
19                                    ADRIA K. HARRIS
                                      Attorneys for Defendants
20                                    Amazon.com Services LLC and
                                      Amazon.com, Inc.
21

22

23

24

25

26

27

28